CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
8/22/2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LARRY ALLEN YOUNG, JR.,** ) | |
| Plaintiff, ) | Civil Action No. 7:25cv00279 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **CHADWICK DOTSON, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Larry Allen Young, Jr., a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against ten defendants, alleging five unrelated claims. This practice is inconsistent with the Federal Rules of Civil Procedure (*see* FED. R. CIV. P. 18, 20) and the filing fee requirements of the Prison Litigation Reform Act (PLRA). For the reasons stated below, the court will sever the Complaint into five civil actions and have them docketed as such. The court will direct that the first claim be served on the appropriate defendants therein and that collection of the filing fee commence, pursuant to plaintiff's previous consent. In each of the remaining cases, if he wishes to pursue them,[1] the plaintiff will be required to consent to paying the filing fee through installment payments from his inmate trust account, as he has done in the present case.

## I. The Claims

Young's first claim, against defendants VDOC Director Dotson, Warden Hamilton, Fields, and Slade, alleges deliberate indifference to his mental health needs and to his physical safety, in violation of the Eighth Amendment, by refusing to assign him to a single occupancy cell (with no cell mate) in the protective custody unit. He states that a single occupancy cell is required because of the mental health issues (including anxiety, panic attacks, and depression, all

---

[1] The fact that the court is directing the creation of a separate case for each claim is *not* to be taken as any indication that Young has necessarily alleged facts stating a meritorious claim for relief under the Constitution and § 1983. The court will review these claims before service on the defendants as required by 28 U.S.C. § 1915A(a)(1).

exacerbated by having to change clothes, use the restroom, and sleep in the same cell with another person) that resulted from a sexual assault against him by another inmate at the Central Virginia Regional Jail in January 2023.[2]  He further notes that the Albemarle Charlottesville Regional Jail and the Central Virginia Regional Jail both accommodated his need for a single cell from the January 2023 assault through October 2024, when he was transferred to VDOC custody and transported to Keen Mountain Correctional Center (KMCC).  Despite his requests, the named defendants have refused to accommodate his mental health needs.

His second claim is against defendants Ball, Whited, and Harr.  On December 10, 2024, D. Ball, a licensed nurse practitioner, examined Young for a fungal infection of the toenails on his left foot, previously acquired during his custody at Central Virginia Regional Jail.  She prescribed Clotrim/Betameth cream for the infections, instructing him to use it for four weeks, although Young requested an oral medication or to have the two toenails surgically removed.  He returned after using the cream for four weeks as instructed, with no improvement.  She discontinued the prescription for the cream and gave him no other treatment for the infection.  He filed a written complaint on January 13, 2025, in response to which defendant Whited, the Registered Nurse Certification Board Director at KMCC, told him to follow sick call procedure.  Young then filed a grievance against Ball and Whited on February 6, 2025.  He alleges that the grievance coordinator, defendant Harr, did not properly log the grievance, assign it a number, or issue a receipt for it.  On February 25, 2025, after Young made several inquiries, an officer delivered a response, backdated to February 7, 2025.  Although untimely, he attempted to appeal the denial, but he never received a response.

---

[2] Additional safety concerns he raises include that he is a former employee of the Virginia Department of Corrections, the University of Virginia Police Department, and the Central Virginia Regional Jail.

Young's third claim, against defendants Hamilton and Lowe, alleges violation of his right to access the law library.

His fourth claim, against Hamilton, Hurley, and correctional officer Dotson, alleges deliberate indifference to his safety on March 19, 2025, when he, a protective custody inmate, was released onto the rec yard while general population inmates were there, and no guards were present on the yard. He alleges that this is a pattern, which has happened to him on four separate occasions, and that the defendants' actions are intentional and malicious.

Finally, Young's last claim, against defendants Hamilton and VDOC Director Dotson, alleges an ongoing practice throughout KMCC of intentionally and maliciously destroying complaints and grievances to prevent inmates from being able to exhaust their administrative remedies. He alleges that the ongoing practice is allowed under the leadership of the defendants, and that when he has tried to raise the issue, he has been threatened by staff members.

Clearly, the claims allege different incidents, occurring at different times and involving different defendants.

## II.  DISCUSSION

The Complaint is not consistent with Federal Rules of Civil Procedure, Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) only allows a plaintiff to join "as many claims as it has against [one] opposing party." Rule 20 allows the joinder of several party-defendants *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to all the defendants. If the claims arise out of different transactions and do not each involve all defendants, joinder of the claims in one lawsuit should not be allowed. *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

These procedural rules apply with equal force to *pro se* prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Additionally, to allow Young to pay one filing fee, yet join different legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner—through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three-strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow Young to essentially package five lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may . . .

sever any claim against a party."). Accordingly, the court will sever Young's Complaint into five separate lawsuits, one for each claim. The first claim, against defendants VDOC Director Dotson, Hamilton, Fields, and Slade, will remain in this case. The Complaint will be docketed again in each of four new, separate civil actions in which only one claim will be considered, one for claim 2, one for claim 3, one for claim 4, and one for claim 5. The court will provide Young with new case numbers as soon as they have been assigned.

This Opinion and Order does not address the merits of any of Young's claims, nor does it deprive him of his right to litigate any of those claims. He simply may not litigate his unrelated claims against all these defendants in this single lawsuit. If he chooses to proceed with the severed claims in the new separate lawsuits, he will be required to consent to payment of a filing fee in that lawsuit, as he has done in this case. If he does not wish to proceed with multiple lawsuits, he may decline to consent to pay the filing fee for one or more of the new lawsuits; any suit to which he does not consent will be dismissed without prejudice to his right to refile it later, subject to any statute of limitations. If he does not wish to proceed with this lawsuit, with the other claims severed out, he may file a motion to voluntarily dismiss the case without prejudice.

### III. ORDER

In accordance with this opinion, it is **ORDERED** as follows:

1. Young's Claims 1, 2, 3, 4, and 5, as designated in his Complaint, are hereby **SEVERED** into five separate civil actions for all future proceedings.

2. The present case, No. 7:25cv00279, **SHALL** now include only Claim 1, against Chadwick Dotson, Israel Hamilton, Larry Fields, and FNU Slade, Quality Mental Health Professional. Plaintiff's Motion for Preliminary Injunction and related motions shall be included in this case.

3. The Clerk is **DIRECTED** to docket in four new and separate civil actions a copy of the Complaint, a copy of this Opinion and Order (as an attachment to the Complaint), and the Prisoner Trust Account Report and Statement of Assets (ECF No. 2). One of the new cases **SHALL** include only Claim 2, against defendants Ball, Whited, and Harr; another **SHALL** include only Claim 3, against Hamilton and T. Lowe; another **SHALL** include only Claim 4, against Hamilton and Correctional Officers Dotson and Hurley; finally, one **SHALL** include only Claim 5, against Israel Hamilton and Chadwick Dotson.

4. In each of the new civil actions, the court will issue an order requiring Young to execute and return a Consent to Fee form agreeing to pay the $350.00 filing fee for that new civil action if he intends to pursue that case.

5. If Young does not intend to pursue the current civil action, which now includes only Claim 1 against Chadwick Dotson, Israel Hamilton, Larry Fields, and FNU Slade, he **MAY SUBMIT** within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of this action, No. 7:25cv00279, without prejudice. If he does not withdraw this action within that time, the court will direct the Clerk to order service of this suit on the defendants and collection of the $350 filing fee for this case to begin.

The Clerk is directed to send a copy of this opinion and order to Mr. Young.

Entered: August 22, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge