CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 03, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LARRY ALLEN YOUNG, JR.**, | ) |
| Plaintiff, | ) Case No. 7:25cv00279 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **CHADWICK DOTSON, et al.**, | ) By: Pamela Meade Sargent |
| Defendants. | ) United States Magistrate Judge |

Larry Allen Young, Jr., ("Young"), a Virginia Department of Corrections, ("VDOC"), inmate proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights by the defendants. The defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), (Docket Item No. 14) ("Motion"), to which plaintiff has responded. Following notice pursuant to 28 U.S.C. § 636(c), all parties filed written consent to the exercise of jurisdiction in this case by a magistrate judge. Thereafter, pursuant to Order entered on December 11, 2025, (Docket Item No. 23), the case was transferred to the undersigned magistrate judge to handle the proceedings herein, including dispositive orders, pursuant to 28 U.S.C. § 636(c)(1). Upon review of the pleadings, the court will grant the Motion.

## I. Background

In his Complaint[1], (Docket Item No. 1), which was filed on April 21, 2025, Young alleged that he was transferred into the custody of the VDOC on October 31,

---

[1] By Opinion and Order entered August 22, 2025, (Docket Item No. 7), the court severed Young's claims into five separate civil actions. Only Young's Claim 1 remains in this action.

2024, and transported from the Albemarle Charlottesville Regional Jail to Keen Mountain Correctional Center, ("Keen Mountain"). Once at Keen Mountain, Young alleged he was placed in a cell in the C Building with a cellmate. Young alleged that he was not taken to a VDOC receiving facility for orientation and was not interviewed, classified, oriented or given proper housing by any VDOC staff.

Young asserted that, upon his arrival at Keen Mountain, he notified defendants VDOC Director Chadwick Dotson, ("Dotson"), Keen Mountain Warden Israel Hamilton, ("Hamilton"), Keen Mountain Chief of Housing and Programs, ("CHAP"), Larry Fields, ("Fields"), and Keen Mountain Qualified Mental Health Professional,[2] ("QMHP"), Slade, ("Slade"), that he was a former employee of the VDOC, the University of Virginia Police Department and Central Virginia Regional Jail. Young alleged that he also notified the defendants that, while incarcerated at the Albemarle Charlottesville Regional Jail and the Central Virginia Regional Jail, from January 2023 to October 2024, he was housed in a single cell due to "his prior employments and the public attention that his criminal allegations received." (Docket Item No. 1 at 6.) He further alleged that he notified the defendants that, in January 2023, while incarcerated at the Central Virginia Regional Jail, he was the victim of a sexual assault by another inmate, who recognized him. He also alleged that he notified the defendants that, since his sexual assault, he had suffered from severe mental health issues, including anxiety, panic attacks, depression and issues living with other inmates "in a cell where he must change clothes, use the restroom, and sleep with another person present." (Docket Item No. 1 at 7.)

---

[2] Young identified defendant Slade as a "Quality Mental Health Professional" in his Complaint, but the correct VDOC position is "Qualified Mental Health Professional."

Young alleged that, "[d]ue to these factors combined," he had always been housed in a single cell status and that status was honored by every facility in which he had been housed. Despite his status, Young alleged, he did not attend a receiving, orientation or classification process for the VDOC, and, instead, he was taken directly to Keen Mountain and placed with a cellmate for the first time. Young alleged that, despite his "efforts and pleas," Dotson, Hamilton, Fields and Slade refused to assist him in any manner. (Docket Item No. 1 at 7-8.) He alleged that the VDOC has refused to provide him with a single cell status, "where he is secured alone." (Docket Item No. 1 at 8.)

As relief, Young seeks to be housed in a single cell at Keen Mountain in the Protective Custody Unit, for his single cell status to be officially entered into the VDOC CORIS system and for this single cell status to remain his housing classification throughout the duration of his incarceration.

## II.   Discussion

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considering the facts alleged to be true. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The facts alleged must be sufficient for the court to infer that the defendant is liable if those facts are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motion should be granted only if the plaintiff is not entitled to judgment on the facts alleged. The motion does not resolve factual disputes between the parties. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se complaints must be liberally construed and held to a less stringent standard than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey*

*v. Buchanan,* 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). However, legal conclusions, labels and conclusory statements are not facts and will not save a claim that is not supported by facts. *See Ashcroft*, 556 U.S. at 678–79.

Section 1983 provides a procedure for vindicating federal rights that have been conferred on individuals. *See Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000). To state a cause of action under § 1983, plaintiff must allege facts showing that a person, acting under color of state law, violated his rights under the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). The doctrine of respondeat superior is inapplicable to § 1983 claims. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Each recognized cause of action has its own elements of pleading and proof, which must be satisfied. Further, liability under § 1983 must be analyzed individually for each defendant. *See King v. Riley,* 76 F.4th 259, 269 (4th Cir. 2023). Also, violation of prison policy, in and of itself, is not a federal constitutional violation and is not actionable under § 1983. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990).

The defendants construe Young's Complaint as attempting to state an Eighth Amendment claim of deliberate indifference, and they argue that Young's Complaint fails to state a claim for deliberate indifference based on Young being housed with a cellmate. The defendants argue that Young's Complaint does not state a claim based on deliberate indifference to either a condition of his confinement or to serious mental health needs.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime. *See* U.S. CONST. amend. VIII. The Eighth Amendment not only protects against the punishments imposed by the courts, but it also provides protection with respect to the treatment a prisoner receives in prison and the conditions under which he is confined. *See Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995). The Eighth Amendment also requires prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). It imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. Prison officials violate an inmate's Eighth Amendment right to be free from physical harm inflicted by other inmates when prison officials are deliberately indifferent to "specific known risks of such harm." *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979)).

To state a viable failure to protect claim under § 1983, a plaintiff must show: (1) "serious or significant physical or emotional injury," *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. As to the first prong, the deprivation alleged must be, "objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The inmate must show that he suffered significant injury or was "'incarcerated under conditions posing a substantial risk of serious harm.'" *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer*, 511 U.S. at 834).

As to the second prong, the requisite state of mind is one of "deliberate

5

indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014) (quoting *Farmer*, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Danser*, 772 F.3d at 347 (quoting *Farmer*, 511 U.S. at 837). "It not enough that [officials] should have recognized it; they actually must have perceived the risk." *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (alterations & citations omitted). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." *Danser*, 772 F.3d at 347 (quoting *Farmer*, 511 U.S. at 838).

A prison official is deliberately indifferent if he knows of an excessive risk to inmate health or safety and disregards or fails to respond to that risk. *See Farmer*, 511 U.S. at 844-45. Therefore, liability under this standard requires two showings. First, the evidence must show that the prison official subjectively recognized a substantial risk of harm. It is not sufficient that the official should have recognized it; he must actually have perceived that risk. *See Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). Second, the evidence must show that the prison official subjectively recognized that his actions were "inappropriate in light of that risk." *Rich*, 129 F.3d at 340 n.2. It is insufficient that the official should have recognized that his actions were inappropriate; the official actually must have recognized that

his actions were insufficient. *See Brown v. Harris*, 240 F.3d 383, 390-91 (4th Cir. 2001).

Based on my review of the Complaint, I agree that it fails to state a claim for deliberate indifference based on Young being housed with a cellmate. Young's Complaint asserts only that, due to "his prior employments and the public attention that his criminal allegations received," he previously had been assigned to a single cell. The Complaint does not assert that Young faced any harm or specific known risk of harm from being placed in a cell with a cellmate at Keen Mountain. The Complaint also does not allege that any of the defendants knew that placing Young in a cell with a cellmate posed any specific known risk of harm to Young. "Courts have found prison officials to be actually aware of a sufficient substantial risk of assault 'where custodians know of threats to specific prisoners posed by a specific source, or place prisoners in the same cell as an inmate known to have violent propensities.'" *Reed v. Harris*, 2022 U.S. Dist. LEXIS 21813, at *9 (E.D. Va. Feb. 7, 2022) (quoting *Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009)). "[W]here a plaintiff presents evidence that he reported only a vague, generalized fear or problems with other inmates rather than a specific and particularized threat of harm, courts have not hesitated to find the plaintiff's claim insufficient as a matter of law." *Reid v. Polk*, 2018 U.S. Dist. LEXIS 47197, at *20 (M.D. Fla. Mar. 22, 2018) (citations omitted).

I also agree with the defendants that Young's Complaint does not state a claim based on deliberate indifference to serious mental health needs. Young's Complaint alleges only that he had notified the defendants that he suffered from severe mental health issues, including anxiety, panic attacks, depression and issues living with other inmates "in a cell where he must change clothes, use the restroom, and sleep

7

with another person present." The Complaint does not allege that he needed and requested any particular mental health treatment that was denied, and it does not allege that the defendants knew that he had any particular need for mental health treatment. Here, it appears that Young is alleging only that, because he has "anxiety, panic attacks, depression, and issues living with other inmates in a cell," the act of placing him in a double cell constitutes deliberate indifference to his serious mental health needs. Also, with regard to defendant Slade, Young has not alleged that Slade has any authority to order or recommend that he be placed in a single cell.

To adequately allege the objective component of a claim for deliberate indifference to a serious medical or mental health need, a plaintiff must allege a "sufficiently serious" medical or mental health need. *Farmer*, 511 U.S. at 834. A medical or mental health need is objectively sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). To adequately allege the subjective component of a claim for deliberate indifference, a plaintiff must allege that a defendant knew of and disregarded an excessive risk to the inmate plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. A plaintiff's reference to "anxiety" and "depression" without more does not plausibly suggest a medical need posing a substantial risk of serious harm. *See Hutchins v. Havens,* 2025 U.S. Dist. LEXIS 184228, at *10 (W.D. Mich. Sept. 19, 2025).

To the extent that Young is alleging that the defendants should be liable because he was not appropriately classified or oriented, in violation of VDOC policy, this also fails to state a claim. *See Middleton v. Zych*, 2012 U.S. Dist. LEXIS 143741, at *8 n.7 (W.D. Va. Oct. 4, 2012) ("a claim that prison officials have not followed

8

their own policies or procedures does not amount to a constitutional violation), *aff'd*, 514 F. App'x 401 (4th Cir. 2013).

Furthermore, a plaintiff asserting a § 1983 claim has the burden of proof. *See Oliver v. Powell*, 250 F. Supp. 2d 593, 598 (E.D. Va. 2002). Furthermore, no damages may be awarded absent proof of injury. *See Bernadou v. Purnell*, 836 F. Supp. 319, 326 (D. Md. 1993). Here, at the pleading stage, Young's Complaint does not allege that he has suffered any injury as a result of being placed in a cell with a cellmate.

### III. Conclusion

For the reasons stated above, the Motion will be granted, and Young's claim against the defendants will be dismissed for failure to state a claim.

An appropriate order will be entered.

**ENTERED:** March 3, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE