CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LARRY ALLEN YOUNG, JR.**, | ) | |
| Plaintiff, | ) | Case No. 7:25cv00279 |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| **CHADWICK DOTSON, et al.**, | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

Larry Allen Young, Jr., ("Young"), a Virginia Department of Corrections, ("VDOC"), inmate proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights by the defendants. Following notice pursuant to 28 U.S.C. § 636(c), all parties filed written consent to the exercise of jurisdiction in this case by a magistrate judge. Thereafter, by consent of the parties, the case was transferred to the undersigned magistrate judge to handle the proceedings herein, including dispositive orders, pursuant to 28 U.S.C. § 636(c)(1). By Memorandum Opinion and Order dated March 3, 2026, I granted the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), closing the case and striking it from the court's active docket. Presently before the court is plaintiff's March 24, 2026, motion to seal the case. ("Motion") (Docket Item No. 27.) Defendants responded to the Motion on April 8, 2026, indicating they took no position on the Motion. (Docket Item No. 29.)

## I.    Facts[1]

In his Motion, Young alleges that he filed the present civil action "due in part to the … drug trafficking occurring in the Protective Custody Unit" at Keen

---

[1] The court limits the recitation of the specific threat Young received.

Mountain Correctional Center, ("Keen Mountain"). (Motion at 2.) Young alleges that, four days after the court's Memorandum Opinion and Order was entered, he was threatened by a gang member. (Motion at 3.) Young asks the court to place his case under seal, "[t]o include any memorandum opinions that were published to electronic law libraries discussing [his] law enforcement background, or the reports [he has] made about corruption within the Commonwealth of Virginia." (Motion at 7.) Young says that if his case is not sealed, "[o]ne of these gang members will physically assault or stab [him] for what is contained within the four corners of this court's memorandum opinions about [his] cases." (Motion at 8.)

## II.    Discussion

The Supreme Court held in *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), that there is a common law right to inspect and copy judicial records and documents. The underpinning of the public's right to access judicial records is the public's right to "judge the products of the courts in a given case." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.,* 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to judicial documents derives from two independent sources: the First Amendment and the common law. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

The common law presumes a right of the public to inspect and copy "judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Mag., Inc.,* 846 F.2d 249, 253 (4th Cir. 1988). Some of the factors to be weighed in the

common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Ultimately, under the common law, the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's "supervisory power," and it is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon,* 435 U.S. at 598-99.

In contrast to the common law, "the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. When the First Amendment provides a right of access, a district court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position. *See Press-Enter. Co. v. Super. Ct.,* 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion…").

Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone,* 855 F.2d at 182. When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *See Rushford,* 846 F.2d at 253. As to the substance, the district court first "must determine the source of the right of access with respect to each document," because

3

"[o]nly then can it accurately weigh the competing interests at stake." *Stone,* 855 F.2d at 181.

When presented with a sealing request, the district court's first inquiry is to determine if the public has a right of access to the documents at all. The Fourth Circuit recently articulated a standard for making this determination: "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d),* 707 F.3d 283, 290 (4th Cir. 2013). A district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and, if it decides to seal, it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. *See Stone*, 855 F.2d at 181. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review. *See Stone*, 855 F.2d at 182. This determination "is one properly made in the first instance from the superior vantage point of the district court." *Stone*, 855 F.2d at 182. The right of access in any given case may vary depending on the nature of the case and the specific item under review. *See Stone*, 855 F.2d at 180.

The court finds, for all documents in the case, that the public had adequate notice that the sealing of documents may occur and that interested persons were given adequate opportunity to object by nature of the fact that the motion to seal was docketed. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) (explaining that docketing the motions to seal was sufficient public

4

notice and noting "[a]ny interested party therefore has had sufficient time to seek intervention to contest any sealing order, but the docket reflects no such action").

Young states in his Motion that the undersigned's Memorandum Opinion and Order in this case "was intentionally released by Keen Mountain Correctional Center administrators to gang members in my pod as soon as [the undersigned] issued it. This occurred so the gang members knew I was telling on their drug business, and the administrators could use the gang members to silence me." (Motion at 10.) However, in this case, the only allegations regarding drug trafficking at Keen Mountain are contained in the Motion presently before the court. The case before the court does not include allegations of drug trafficking at Keen Mountain. In the present Motion, Young makes, for the first time, the allegations he claims require this case to be sealed. While Young also requested the court to seal his case because of his history as a law enforcement officer, he did not allege that he had ever received a threat due to this status. Because the Fourth Circuit has "never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm," I will only consider the specific threat that he alleges was made to him when considering his Motion. *Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014). .

In the present case, Young moves to seal: the docket sheet; the Complaint (Docket Item No. 1); the court's Opinion and Order severing the case in five separate cases, (Docket Item No. 7); the Defendants' Motion To Dismiss, Young's response to the motion to dismiss, and the court's memorandum opinion and order granting the motion to dismiss, (Docket Item Nos. 1, 14, 15, 17, 25, 26); Young's Motion For Preliminary Injunction and hearing requests on the motion, (Docket Item Nos. 5, 6); the present Motion, the court's Minute Order to respond and the defendants' Response, (Docket Item Nos. 27, 28, 29); and numerous other residual matters.

(Docket Item Nos. 3, 4, 8, 9, 10, 11, 12, 13, 16, 18, 19, 20, 21, 22, 23, 24.) All of the aforementioned documents presently appear on the public docket and constitute the entirety of the public docket.

The Fourth Circuit has held that the public and press enjoy a First Amendment qualified right to inspect docket sheets in civil cases. *See Doe*, 749 F.3d at 268. In this case, there is no information contained on the docket sheet that would necessitate restriction due to a "compelling government interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. Co. v. Super. Ct.,* 464 U.S. 501, 510 (1984)) (internal quotation marks omitted). Therefore, Young's request to seal the docket sheet in this case is denied.

Next, the court considers Young's request to seal the August 22, 2025 Opinion and Order by the Honorable Robert S. Ballou, severing the case into five separate civil actions. (Docket Item No. 7.) Neither this court nor the Fourth Circuit has determined the source of the public's right of access to an Opinion and Order severing a civil action. However, the Opinion and Order does not meet the "experience and logic" test required to create a First Amendment right of access: "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64  (4th Cir. 1989) (quoting *Press-Enter. Co.,* 478 U.S. at 8-10). Therefore, the Opinion and Order is a judicial document to which the common law right of access applies. Again, Young has identified no countervailing interest in having this document sealed because it does not contain any mention of the allegations he asserts as the basis for his Motion. Accordingly, I will deny Young's request to seal the August 22, 2025, Opinion and Order.

Turning to the Motion To Dismiss, the Fourth Circuit has held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion, *see Rushford*, 846 F.2d at 252-53, and to a judicial opinion ruling on a summary judgment motion. *See Doe*, 749 F.3d at 267-68. However, in an unpublished decision, the Fourth Circuit refused to extend the First Amendment right of access to documents filed in a connection with a motion to dismiss. *In re Pol'y. Mgmt. Sys. Corp.*, 1995 WL 541623, at *3 (4th Cir. Sept. 13, 1995.) The court held that the common law right of access applies to documents that "play [a] role in the district court's adjudication of the motion to dismiss[.]" *In re Pol'y Mgmt.Sys. Corp.*, 1995 WL 541623, at *4. The Motion To Dismiss documents contain no mention of drug trafficking at Keen Mountain. Because the Motion To Dismiss documents enjoy a common law presumption of access, and Young has presented no countervailing interest in sealing them, the court will deny the request to seal these documents. (Docket Item Nos. 1, 14, 15, 17, 25, 26.)

Next, the court considers Young's request to seal his Motion For Preliminary Injunction and Motion For An Emergency Hearing on the preliminary injunction. (Docket Item Nos. 5, 6.) Based on the court's ruling on the Motion To Dismiss, the court denied Young's Motion For Preliminary Injunction and Motion For An Emergency Hearing. (Docket Item No. 26.) While the Fourth Circuit has not provided guidance as to whether the common law or First Amendment right of access applies to a motion for preliminary injunction, courts in this district, including this court, have held that the First Amendment right of access applies. *See RLI Ins. Co. v. Nexus Servs.3, Inc.,* 2018 WL 1060298, at *2 (W.D. Va. Oct. 30, 2018) (holding that First Amendment right of access applied where the plaintiff in a civil case moved to seal a motion for preliminary injunction and its supporting

memorandum, declarations and exhibits); *see also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013) ("The Court concludes that the briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access.") Young provides no compelling governmental reason to justify sealing these documents. Therefore, his request to seal the Motion For Preliminary Injunction and Motion For An Emergency Hearing is denied.

The court next considers Young's motion to seal the various residual matters that remain on the public docket. (Docket Item Nos. 2, 3, 4, 8, 9, 10, 11, 12, 13, 16, 18, 19, 20, 21, 22, 23, 24.) These residual matters include Young's Prisoner Trust Account Report and Statement of Assets; the conditional filing order; the Consent To Fee; orders and notices of service; notices of appearance; a Declaration filed by Young; a Roseboro Notice regarding the Motion To Dismiss for failure to state a claim; the magistrate consent notice and corresponding consent to jurisdiction by United States Magistrate Judge;  and a motion to substitute attorney. None of the documents described in this paragraph meet the "experience and logic" test required to create a First Amendment right of access: "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Baltimore Sun Co.*, 886 F.2d at 64 (quoting *Press-Enter.*, 478 U.S. at 8-10). Therefore, the common law right of access applies. Because none of the docket items contain allegations of drug trafficking at Keen Mountain, Young has no countervailing interest in having them sealed. Therefore, Young's motion to seal the various residual matters described in this paragraph is denied.

Lastly, the court considers Young's request to seal this Motion, the court's Order to Respond and the defendants' Response. (Docket Item Nos. 27, 28, 29.) This court's local rules provide "[t]o obtain a sealing order a party must file an unsealed written motion containing" the basis for which the party is requesting the sealing order. W.D. Va. R. 9(b)(2). While Young's Motion contains the only references to drug trafficking at Keen Mountain, it cannot be sealed on the docket because it is a motion to seal. Accordingly, I will grant Young's Motion only insofar as he may provide a redacted version of this Motion to the court within 30 days, at which time the court will place his Motion under seal, and only the redacted version will appear on the public docket.

## I.    Conclusion

For the reasons stated above, Young's Motion is **GRANTED** only insofar as he has 30 days to file a redacted version of the Motion to Seal. If Young files this redacted Motion, the Clerk may seal the unredacted Motion on the docket.

The Clerk shall send a copy of this Order to all counsel of record and unrepresented parties.

**ENTERED:**  May 29, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

9